J-A18002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| REX KINTER | : | |
| Appellant | : | No. 1298 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 29, 2023
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-MD-0000223-2023

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: SEPTEMBER 20, 2024**

Appellant, Rex Kinter, appeals from the judgment of sentence entered on September 29, 2023, in the Criminal Division of the Court of Common Pleas of Indiana County.  We affirm.

The trial court offered the following summary of the pertinent facts and procedural history.

> [Appellant's] former romantic partner, Lynzee Pearce [(Pearce)], with whom [Appellant] shares two minor children[,] initiated [an action under the Protection from Abuse Act (PFA), 23 Pa.C.S.A. § 6101 *et seq*., against Appellant] on or about April 18, 2023.  A temporary [PFA] order was subsequently entered into place by [the trial court].  Following a hearing, a final [PFA] order was issued on April 25, 2023.  The [PFA] order [provided] that [Appellant] "[was] prohibited from have **ANY CONTACT** with [Pearce]."  Furthermore, the [PFA] order provide[d that Appellant] "shall not contact [Pearce], either directly or indirectly … by telephone or by any other means, including through third persons. Final PFA Order, 4/25/23, at 2.

On July 2, 2023, [Appellant] was arrested and charged with contempt for [violating an order or agreement, 23 Pa.C.S.A. § 6114(a),] following an alleged contact by [Appellant]. [Appellant] allegedly attended a custody exchange and attempted communication with [Pearce]. A [bench] trial was held on September 29, 2023, at which [Appellant] was found guilty and sentenced to a term of probation for a period of six (6) months. [Appellant filed a timely notice of appeal together with a concise statement of errors complained of on appeal].

Trial Court Opinion, 13/12/23, at 1-2 (emphasis in original).

Appellant raises the following issue for our consideration:

Whether the trial court erred in determining following the non-jury trial held on September 29, 2023 that the Commonwealth presented sufficient evidence to establish that Appellant was guilty of the offense of contempt for violation of order or agreement, 23 Pa.C.S.A. § 6114(a).

Appellant's Brief at 7.

As Appellant's sole challenge to his conviction asserts that the evidence introduced at trial was insufficient, our standard and scope of review are well settled.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be

- 2 -

considered.  Finally, the [trier] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted).

The requirements for finding indirect criminal contempt are as follows:

Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order[.]  To establish indirect criminal contempt, the Commonwealth must prove:  1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

*Commonwealth v. Felder*, 176 A.3d 331, 333-334 (Pa. Super. 2017).

On appeal, Appellant maintains that the record lacks sufficient evidence to establish that he acted with wrongful intent during the custody exchange at issue.  Initially, Appellant argues that, contrary to the trial court's determination, the evidence did not show that he attempted, during the exchange, to communicate with Pearce through his mother.  According to Appellant, he merely attempted (at the exchange) to remind his mother about something she might forget.  *See* Appellant's Brief at 16.  Appellant further explains that, when his mother's testimony at trial appeared to corroborate that he attempted to speak to Pearce indirectly, he interjected simply to correct his mother's inaccurate recollection of events, which was caused by her confusion during the trial proceedings.  *See id.* at 16.  Appellant thus concludes that the trial court erred in finding that he wrongfully attempted to

communicate with Pearce during the exchange and that he attempted to improperly influence his mother's testimony at trial.  *See id*. at 16-17.

Next, Appellant asserts that the Commonwealth offered no evidence to establish that he planned to violate the PFA order.  Instead, Appellant claims that "[he] attended the custody exchange fully intent on avoiding any contact with [Pearce], and inadvertently made his voice audible to her while attempting to communicate to his mother."  *Id*. at 17.  As such, the Commonwealth failed to present sufficient evidence "that Appellant violated the PFA by communicating with [Pearce], and that, to the extent Appellant did so, that he did so with wrongful intent."  *Id*.

We have carefully examined the certified record, the submissions of the parties, and the opinion authored by the trial court.  Based upon our review, we conclude that the trial court correctly determined that the Commonwealth introduced sufficient evidence to prove, beyond a reasonable doubt, that Appellant committed indirect criminal contempt.  In challenging the sufficiency of the evidence, Appellant does not assert that the evidence was "so weak and inconclusive that as a matter of law no probability of fact [could] be drawn from the combined circumstances."  Instead, Appellant asks us to reweigh the evidence and draw new inferences by examining the trial testimony in the light most favorable to himself.  Our standard of review forbids such an approach. We thus affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/20/2024